UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

---

AUGUSTO GUTIERREZ and
WALTER ARTICA, et al,
individually on behalf of themselves,
and on behalf of all others
similarly situated,

          Plaintiffs,

v.

BAIRD DRYWALL & ACOUSTIC, INC.,

          Defendant.

CASE NO. 7:22cv00604

FLSA COLLECTIVE ACTION
DEMAND FOR JURY TRIAL
Related to Case No. 7:19-cv-882

## COMPLAINT

Plaintiffs Augusto Gutierrez, Walter Artica, Gilberto Andrade, Josue Amaya, Eduardo Avila, Luis Alonso Chavez Gaytan, Juan Fernando Corrales Garcia, Jose Guadalupe Cruz Beiza, Mario Francisco Cruz, Mario Eliud Cruz, Yovani Espana, Jose Galeano, Anuar Garcia, Hector Javier Garcia Marquina, Marcos Antonio García, Jose Gomez, Jose Adan Gomez, Norbert Ariel Gutiérrez Quiroz, Claudia Marilys Hernández Morales, Javier Martinez, Jose Marvin Mejia, Roni Mejia, Orlin Mencia, Marcos Ochoa, Cristian Alexander Ochoa Ascencio, Ronan Pineda, Edgardo Pineda, Arnold Pineda Garcia, Pedro Pizano, and Marco Tercero, each individually, on behalf of themselves, and on behalf of all others similarly situated (collectively "Plaintiffs"), respectfully move for judgment against Defendant Baird Drywall & Acoustic, Inc. ("Baird" or "Defendant").

**Introduction**

1. This Complaint seeks relief for claims for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") arising out work that Plaintiff individually, and others similarly situated, performed for the benefit and at the direction of Baird.

2. This action is related to a previously-settled FLSA collective action, Case No. 7:19-cv-882 (the "First Lawsuit"), involving the same claims and the same central Defendant Baird. Plaintiffs are workers who did not participate in the settlement of the First Lawsuit. The parties have reached a proposed settlement agreement prior to the filing of this lawsuit and intend to seek Court approval of the same.

3. Plaintiffs bring this action as a collective action on behalf of themselves and similarly situated laborers. Plaintiffs ask that if this case is not certified as a collective action they be permitted to proceed individually with their claims.

**Jurisdiction and Venue**

4. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.

5. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) because a substantial part of the events and omissions giving rise to this lawsuit have taken place in the Roanoke Division of Western District of Virginia and because Baird's principal place of business is located in the Roanoke Division.

6. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

**Parties**

7. Each Plaintiff performed labor in the Roanoke, Virginia area within the last three years for the benefit of, and at the direction and under the supervision of, Baird. Each Plaintiff was an "employee" as defined in the FLSA.

8. Defendant Baird is a Virginia corporation with its principal place of business in the County of Roanoke, Virginia.  Its corporate headquarters are located at 17599 Stewartsville Road, Vinton, Virginia 24179. Baird is a sub-contractor who contracts with general contractors on specific construction projects, including those named below. Baird generally provides framing, drywall, and ceiling work for the general contractors on construction projects. Baird meets the definition of "employer" as defined in the FLSA.

9. Since at least 2016, Guillermo Guardado Fiallos, d/b/a GGF Drywall ("GGF"), has worked for Baird as a labor broker or sub-subcontractor on a number of projects in the Western District of Virginia and possibly elsewhere. As a labor broker or sub-subcontractor of Baird, GGF provides Baird with laborers to perform the labor associated with the framing, drywall, and ceiling work for which Baird is paid by the general contractors. Baird pays those laborers through GGF, with Baird paying GGF a flat hourly rate for each man hour the laborers work and GGF paying the individual laborers a flat hourly rate for their work on Baird jobs. GGF meets the definition of "employer" as defined in the FLSA.

10. A non-exhaustive list of Plaintiffs who were paid through GGF for their work on Baird jobs in the past three years includes, but is not limited to: Augusto Gutierrez, Josue Amaya, Mario Francisco Cruz, Mario Eliud Cruz, Anuar Garcia, Hector Javier Garcia Marquina, Marcos Antonio García, Jose Gomez, Jose Adan Gomez, Javier Martinez, Roni Mejia, Orlin Mencia, Ronan Pineda, Edgardo Pineda, Arnold Pineda Garcia, Pedro Pizano, and Marco

Tercero. Plaintiffs reasonably anticipate that if judicial notice of this putative collective action is authorized, additional Plaintiffs associated with this broker may join the case. None received overtime pay despite working more than 40 hours at least some weeks.

11. Since at least 2016, Ramiro Torres Martinez, d/b/a Torres Drywall ("Torres"), has worked for Baird as a labor broker or sub-subcontractor on a number of projects in the Western District of Virginia and possibly elsewhere. As a labor broker or sub-subcontractor of Baird, Torres provides Baird with laborers to perform the labor associated with the framing, drywall, and ceiling work for which Baird is paid by the general contractors. Baird pays those laborers through Torres, with Baird paying Torres a flat hourly rate for each man hour the laborers work and Torres paying the individual laborers a flat hourly rate for their work on Baird jobs. Torres meets the definition of "employer" as defined in the FLSA.

12. A non-exhaustive list of Plaintiffs who were paid through Torres for their work on Baird jobs in the past three years includes, but is not limited to: Walter Artica, Gilberto Andrade, Eduardo Avila, Luis Alonso Chavez Gaytan, Juan Fernando Corrales Garcia, Jose Guadalupe Cruz Beiza, Yovani Espana, Jose Galeano, Claudia Marilys Hernández Morales, Jose Marvin Mejia, Orlin Mencia, Marcos Ochoa, Cristian Alexander Ochoa Ascencio, and Marco Tercero. Plaintiffs reasonably anticipate that if judicial notice of this putative collective action is authorized, additional Plaintiffs associated with this broker may join the case. None received overtime pay despite working more than 40 hours at least some weeks.

13. Since approximately January 2019, German Omar Guifarro Acosta, d/b/a Acosta Construction ("Acosta") has worked for Baird as a labor broker or sub-subcontractor on a number of projects in the Western District of Virginia and possibly elsewhere. As a labor broker or sub-

subcontractor of Baird, Acosta provides Baird with laborers to perform the labor associated with the framing, drywall, and ceiling work for which Baird is paid by the general contractors. Baird pays those laborers through Acosta, with Baird paying Acosta a flat hourly rate for each man hour the laborers work and Acosta paying the individual laborers a flat hourly rate for their work on Baird jobs. Acosta meets the definition of "employer" as defined in the FLSA.

14. A non-exhaustive list of Plaintiffs who were paid through Acosta for their work on Baird jobs in the past three years includes, but is not limited to, Norbert Ariel Gutiérrez Quiroz and Jose Galeano. Plaintiffs reasonably anticipate that if judicial notice of this putative collective action is authorized, Plaintiffs associated with Acosta may join the case. None received overtime pay despite working more than 40 hours at least some weeks.

15. Since approximately July 2019, Gonzalez Drywall, LLC ("Gonzalez") has worked for Baird as a labor broker or sub-subcontractor on a number of projects in the Western District of Virginia and possibly elsewhere. As a labor broker or sub-subcontractor of Baird, Gonzalez provides Baird with laborers to perform the labor associated with the framing, drywall, and ceiling work for which Baird is paid by the general contractors. Baird pays those laborers through Gonzalez, with Baird paying Gonzalez a flat hourly rate for each man hour the laborers work and Gonzalez paying the individual laborers a flat hourly rate for their work on Baird jobs. Gonzalez meets the definition of "employer" as defined in the FLSA.

16. A non-exhaustive list of Plaintiffs who were paid through Gonzalez for their work on Baird jobs in the past three years includes, but is not limited to, Jose Cruz. Plaintiffs reasonably anticipate that if judicial notice of this putative collective action is authorized,

additional Plaintiffs associated with this broker may join the case. None received overtime pay despite working more than 40 hours at least some weeks.

17. From approximately November 2018 to May 2020, Luis Alonso Lara Cantural d/b/a Lara Construction, LLC ("Lara") has worked for Baird as a labor broker or sub-subcontractor on a number of projects in the Western District of Virginia and possibly elsewhere. As a labor broker or sub-subcontractor of Baird, Lara provided Baird with laborers to perform the labor associated with the framing, drywall, and ceiling work for which Baird is paid by the general contractors. Baird paid those laborers through Lara, with Baird paying Lara a flat hourly rate for each man hour the laborers worked and Lara paying the individual laborers a flat hourly rate for their work on Baird jobs. Lara meets the definition of "employer" as defined in the FLSA.

18. A non-exhaustive list of Plaintiffs who were paid through Lara for their work on Baird jobs in the past three years includes, but is not limited to, Josue Amaya, Jose Cruz, Jose Gomez, and Jose Adan Gomez. Plaintiffs reasonably anticipate that if judicial notice of this putative collective action is authorized, additional Plaintiffs associated with this broker may join the case.

19. Defendants GGF, Torres, Gonzalez, Acosta, and Lara, are herein referred to as the "Labor Brokers."

20. Each Plaintiff and potential opt-in Plaintiff was/is paid through one or more of the Labor Brokers as described above for the work they performed for Baird during the period from three years before the filing of this case to last date Plaintiffs are allowed to join the case

21. Although Plaintiffs and potential opt-in Plaintiffs worked more than 40 hours for Baird in one or more weeks, they did not receive any overtime compensation as required by the FLSA.

**Factual Allegations**

22. Plaintiffs and other similarly situated laborers were individually hired to work as laborers for Baird on various construction jobs throughout the Roanoke and Shenandoah Valleys, including large projects at Virginia Tech, Liberty University, Radford University, Lynchburg College, Roanoke College, Washington & Lee University, Virginia Military Institute, Carilion Hospital in Roanoke, and other high-visibility construction projects.

23. Defendant Baird is a sub-contractor who contracts with general contractors on specific construction projects, including those named above.

24. Baird generally provides framing, drywall, and ceiling work for the general contractors on construction projects.

25. Baird contracted with the Labor Brokers, also called "sub-subcontractors," to provide laborers to perform the labor associated with the framing, drywall, and ceiling work for which Baird was paid by the general contractors. Plaintiffs were each individually a laborer who performed such work for the benefit of Baird, as are/were the opt-in Plaintiffs. Others similarly situated to Plaintiffs were laborers who performed such work for the benefit of Baird.

26. On each jobsite that Plaintiffs worked for Baird, Plaintiff received job instructions and supervision from one of Baird's construction foremen. On each jobsite that laborers similarly situated to Plaintiffs worked for Baird, Plaintiffs and similarly situated laborers received job instructions and supervision from at least one of Baird's construction foremen.

27. On all such jobsites for which Defendant Baird was a subcontractor, Baird provided a construction foreman on the jobsite at all times.

28. No Plaintiff or similarly situated laborer performed any work for Baird without Baird's providing a construction foreman on the jobsite to provide management and supervision of Plaintiff's work and the work of similarly situated laborers.

29. On all Baird jobsites, Baird exercised the following control over Plaintiffs individually. Baird also exercised the same following control over all similarly situated laborers:

    a. the authority to hire and fire:

    b. the authority to require and/or authorize Plaintiffs and other laborers to work on weekends;

    c. the foremen managed and supervised the work of Plaintiffs and other similarly situated laborers;

    d. Baird had long-standing relationships with a few labor brokers such that Baird regularly and extensively used laborers including Plaintiffs on its construction sites from the same labor brokers for years at a time;

    e. as a sub-contractor, Baird had substantial control over the premises at which Plaintiffs worked, and over the premises at which similarly situated laborers worked;

    f. Plaintiffs, and the other similarly situated laborers, were required to have their time recorded and submitted to Baird for each jobsite for each day that they worked on the construction site, so that Baird had timesheets and knew how many hours Plaintiffs, and other similarly situated laborers, worked; Baird received and reviewed the timesheets on a weekly basis;

g.      Baird determined the nature, location, work hours, and extent of the construction work that Plaintiffs were to perform each day. Baird determined the nature, location, work hours, and extent of the construction work that other similarly situated laborers were to perform each day.

30.     Plaintiffs showed up to work with modest hand tools, as is common in the construction industry. Other laborers showed up to work with modest hand tools, as is common in the construction industry.

31.     Baird provided all heavy tools necessary for Plaintiffs and for other laborers to do the construction work required, including ladders, scaffolding, lasers, "TrakFast" fastening tools, sledgehammers, and the like.

32.     Baird also provided all construction materials, like framing, drywall, lumber, and other construction materials, necessary for Plaintiffs and for other laborers to do the construction work required.

33.     Throughout their employment with Baird, Plaintiffs typically worked from approximately 7:00 a.m. to 5:30 p.m. Monday through Thursday, and 7:00 a.m. to 3:30 p.m. Fridays, plus Saturdays and/or Sundays 7:00 a.m. to 3:30 p.m. or 5:30 p.m. when directed or authorized by Baird.

34.     Similarly situated laborers worked similar hours through their employment with Defendant, totaling more than 40 hours per week.

35.     Despite working more than 40 hours per week, Plaintiffs did not get paid overtime at a time and a half rate for hours worked over 40.

36. Despite working more than 40 hours per week, other laborers similarly situated to Plaintiffs did not get paid overtime at a time and a half rate for hours worked over 40.

37. Upon information and belief, Baird hired Plaintiffs individually, and hires similarly situated laborers through labor brokers with the intent to lower labor costs by denying such laborers basic rights including overtime wages guaranteed by the FLSA.

38. Baird knew Plaintiffs and similarly situated laborers worked overtime hours without getting paid an overtime premium.

39. Plaintiffs each individually were not employed in any bona fide executive, administrative, or professional capacity. Their fellow laborers were not employed in any bona fide executive, administrative, or professional capacity.

40. Plaintiffs and their fellow laborers performed blue collar, manual work.

41. Based on the nature of the job duties of Plaintiffs and the job duties of their fellow laborers, there is no FLSA exemption that applies to preclude them from being paid overtime at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

42. Baird willfully violated the FLSA by knowingly failing to pay minimum wages and/or overtime.

43. At all relevant times Baird intended to deprive Plaintiffs individually and similarly situated laborers of the minimum wages and/or overtime pay to which they were entitled, or acted with reckless disregard for the rights of Plaintiffs individually and similarly situated laborers.

44. Baird's violation of the FLSA rights of the laborers is continuing and ongoing.

**Allegations Regarding Labor Brokers**

45. Baird is/was the employer or an employer of all current Plaintiffs and similarly situated laborers, and all Plaintiffs and similarly situated laborers are/were employees of Baird, under the FLSA.

46. Alternatively, each Labor Broker is/was the employer or an employer of the Plaintiffs and similarly situated laborers paid through that Labor Broker, and all Plaintiffs and similarly situated laborers are employees of the Labor Broker that paid them, under the FLSA.

47. Alternatively, Baird and the Labor Brokers are joint employers of Plaintiffs and all similarly situated laborers under the FLSA. As to any particular Plaintiff or similarly situated laborer, the joint employers are Baird and the Labor Broker(s) through which that Plaintiff or similarly situated laborer has been paid for working on Baird jobs.

48. The Labor Brokers are/were employers of Plaintiffs and similarly situated laborers because they pay or paid Plaintiffs and similarly situated laborers for the work they perform on Baird jobs.

49. Baird and the Labor Brokers are joint employers of Plaintiffs and similarly situated laborers because, among other reasons, Baird and the Labor Brokers jointly determine, share, or allocate the power to:

    a. direct, control, or supervise the laborers;

    b. hire or fire the laborers; and

    c. modify the terms or conditions of the laborers' employment.

50. In addition, Baird and the Labor Brokers are joint employers of Plaintiffs and similarly situated laborers because, among other reasons, Baird and the Labor Brokers jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer,

such as handling payroll; or providing the equipment, tools, or materials necessary to complete the work. For example, Baird provides heavy tools and equipment and all materials for laborers to complete the work and the Labor Brokers administer the payments to the individual laborers for their work.

51. In addition, Baird and the Labor Brokers are joint employers of Plaintiffs and similarly situated laborers because, among other reasons, Baird and the Labor Brokers have long-term relationships with a high degree of permanency.

52. The Labor Brokers willfully violated the FLSA by knowingly failing to pay minimum wages and/or overtime.

53. At all relevant times the Labor Brokers intended to deprive each Plaintiff individually and similarly situated laborers of the minimum wages and/or overtime pay to which they were entitled, or acted with reckless disregard for the rights of each Plaintiff individually and similarly situated laborers.

54. The Labor Brokers' violations of the FLSA rights of the laborers is continuing and ongoing.

## Representative Action Allegations for FLSA Claims

55. Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs.

56. For purposes of the collective claims, Plaintiffs bring their FLSA claims on behalf of themselves and all past and present laborers of Baird who, within the three years prior to December 20, 2021 (the applicable date pursuant to tolling agreement), ongoing, were hired through labor brokers to provide framing, drywall, ceiling, and similar construction labor for the

benefit of Baird under the supervision of Baird's foremen, who worked more than 40 hours per week and were not paid an overtime premium for hours worked over 40.

57. Plaintiffs are aware of other laborers who are similarly situated.

58. Plaintiffs estimate that there may be 300 similarly situated laborers who fit the above definition who were deprived of overtime pay, and who continue to be so deprived, who were hired by Baird through one or more Labor Brokers

59. Plaintiffs believe and thereon allege that the Labor Brokers have been used by Baird within the past three years, and continuing, as part of a common plan or scheme to avoid paying overtime wages on construction projects.

60. Upon information and belief, these laborers were paid, and continue to be paid, under a similar pay scheme which deprived them of overtime pay, up to at least July 25, 2021.

61. Upon information and belief, these laborers perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

62. Upon information and belief, Baird and the Labor Brokers compensated, and continue to compensate, those similarly situated to Plaintiffs on a uniform compensation basis.

63. Baird's policy of using labor brokers to avoid paying overtime amounted to a willful or reckless disregard of its employees' rights under the FLSA.

64. The Labor Brokers' policy of not paying overtime amounted to a willful or reckless disregard of the employees' rights under the FLSA.

65. Baird had no good faith basis to believe that these employees were not entitled to minimum wages and overtime under the FLSA.

66. The Labor Brokers had no good faith basis to believe that these employees were not entitled to minimum wages and overtime under the FLSA.

67. Plaintiffs assert that Defendants' willful disregard of the overtime laws described herein entitles Plaintiffs individually and similarly situated employees to the application of the three (3) year limitations period.

68. Plaintiffs' job duties, and the job duties of those similarly situated to Plaintiffs, are not exempt from the coverage of the FLSA.

69. At all relevant times, all Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## **FLSA Relief Requested**

Wherefore, Plaintiffs request the following Relief against Defendant or Defendants, individually, collectively, jointly, and severally:

    A. An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

    B. Judgment that Plaintiffs individually and all similarly situated employees are/were non-exempt employees entitled to protection under the FLSA;

    C. Judgment against Defendant and in favor of Plaintiffs, individually.

    D. Judgment against Defendant and in favor of all Plaintiffs who opt-in to the case.

E. Judgment against Defendant for violations of the overtime and/or minimum wage provisions of the FLSA;

F. Judgment that Defendant's violations as described above were willful;

G. Money damages for all unpaid overtime compensation;

H. Liquidated damages in an amount equal to all unpaid overtime owed to Plaintiffs and similarly situated employees;

I. Pre-judgment and post-judgment interest;

J. Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

K. Leave to amend to bring additional claims and/or parties, including but not limited to allowing all named and opt-in Plaintiffs to proceed with their individual claims should this case not proceed as a collective action for any reason, or to add additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA; and

L. Any and all further relief permissible by law.

**<u>Demand for Jury Trial</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby request a TRIAL BY JURY for all claims and issues so triable.

Dated: October 21, 2022

Respectfully submitted,

PLAINTIFFS,
individually on behalf of themselves
and on behalf of all others similarly situated
By Counsel

By: /s/Timothy Coffield
Timothy Coffield (VSB No. 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
P: (434) 218-3133 F: (434) 321-1636
tc@coffieldlaw.com

By: /s/Craig Juraj Curwood
Craig Juraj Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel: (804) 648-4848
Fax: (804) 237-0413
craig@butlercurwood.com
zev@butlercurwood.com


Counsel for Plaintiffs